**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

**DAVID SANCHEZ, Individually and on**
**behalf of all other persons similarly**
**situated**

|                        |                                         |
|------------------------|-----------------------------------------|
| **Plaintiffs,**        | **Civil Action No.**  7:19-cv-00185     |

**v.**

**STRIPES LLC. d/b/a STRIPES**

**Defendant**

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

1.      Plaintiff David Sanchez ("Sanchez") by and through undersigned counsel,

individually and on behalf of all others similarly situated, hereby allege the following allegations

and causes of action against Defendant Stripes LLC d/b/a Stripes ("Stripes" or "Defendant") as

follows:

### STATEMENT OF THE CASE

2.      Plaintiff David Sanchez ("Sanchez") individually and on behalf of all others

similarly situated, files this Collective and Class Action Complaint (the "Complaint") against

Defendant Stripes LLC d/b/a Stripes ("Stripes" or "Defendant") seeking all available relief for

Defendant's unlawful conduct under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.

§§ 201, *et. seq.*  The following allegations are based upon Plaintiff's personal knowledge and belief

and are made upon information and belief as to the acts of others.

3.      Plaintiff Sanchez brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), on behalf of himself  and all current and former all other current and former Assistant Managers ( "AMs" or "Assistant Managers") , as well as other similarly situated current and former employees holding comparable positions but different titles, who work or worked for Stripes  at their Stripes locations within the United States who will opt into this action pursuant to the FLSA (the "AM Collective Action Members"). Stripes violated the FLSA by failing to pay Plaintiff and other AM Collective Action Members, regular pay of hours worked and overtime premium compensation for hours worked over 40 in any workweek.

4.      Plaintiff bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), on behalf of themselves and all current and former AMs, as well as other similarly situated current and former employees holding comparable positions but different titles, who work or worked for Stripes at their Stripes locations within the United States who will opt into this action pursuant to the FLSA (the "AM Collective Action Members" and collective with AM Collective Action Members referred to as the "FLSA Collective Action Members").  Stripes violated the FLSA by failing to pay Plaintiffs and other AM Collective Action Members, regular pay of hours worked and overtime premium compensation for hours worked over 40 in any workweek.

5.      Stripes, Inc., a Texas corporation with its headquarters in Corpus Christi, Texas, and does business in Texas and other states.  Stripes, operates approximately 700 Stripes branded convenience stores locations across Texas, Louisiana, New Mexico, and Oklahoma.

6.      Further, Defendant has uniformly failed to accurately track or record actual hours worked by AMs and has failed to provide AMs with a method to accurately record the hours

actually worked.  In willful disregard of federal wage and hour law.  Defendant has failed and refused to pay Plaintiffs and other AMs and AMs for all hours worked, and for failing to pay overtime premium pay for hours worked over 40 in a workweek.

7.     Plaintiff seek on behalf of himself and other current and former AMs and/or AMs and similarly situated current and former employees employed by Defendant, however variously titled, who elect to opt-in to this action pursuant to the FLSA,   (i) unpaid wages for all hours as required by law, (ii) unpaid wages for all hours worked above 40 in a workweek, as required by law,  (ii) liquidated damages and/or prejudgment interest, and (iii) attorney's fees and litigation expenses.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the actions, events, and/or omissions giving rise to the claims occurred in this District.  Plaintiff Sanchez resides in this District.

10.     Defendants regularly conduct business in this District.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff*

12.     Plaintiff Sanchez is an adult citizen of Texas residing in Midland, Texas

13.     Sanchez was employed by Stripes from in or around December 2012 to June 2017 as an AM at the Stripes store # 209, located at 774 - 798 N. Lamesa Hwy, Stanton, Texas 79720 and, Stripes store #1032, located at 19204 Fm 529 Rd Langham Creek Harris, Texas.

***Defendant***

14.     Stripes LLC is a corporation organized and existing under the laws of Texas with its corporate headquarters located at 4525 Ayers Street, Corpus Christi, Texas 78415.

15.     Stripes LLC is a Texas limited liability corporation organized and existing under the laws of Texas.

16.     Stripes LLC's registered agent is Corporation Service Company d/b/a CSC-Lawyers Inco, and has offices at 211 E. 7th Street Suite 620 Austin, Texas 78701

17.     Stripes LLC does business under the name "Stripes."

18.     Stripes operates and continues to operate over 700 retail locations in Texas, New Mexico, and Louisiana.

19.     Stripes employs/employed Plaintiff and other similarly situated current and former AMs at its locations in Texas, New Mexico, and Louisiana.

20.     At all relevant times, Plaintiff and the putative Collective Action Members were all considered "employees" and were "employed" by Stripes under the FLSA.

21.     At all relevant times, Stripes has been and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.     At all times relevant, Defendant, has been an enterprise within the meaning of 29 U.S.C. § 203(r).

4

23.   At all relevant times, Defendants were and are an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Defendants had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.

24.   Defendant has a gross volume of sales made or business done of not less than $500,000.00.

25.   At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

26.   Defendant issued paychecks to Plaintiff and the Collective Action Members during their employment.

27.   Defendant paid Plaintiff and the Collective Action Members on a per hour basis.

28.   Defendants directed the work of Plaintiff and the Collective Action Members.

29.   Defendants directly benefited from the work performed by Plaintiff and the Collective Action Members.

30.   Plaintiff and the Collective Action Members worked in excess of the hours listed on their paychecks.

31.   Plaintiff and the Collective Action Members worked in excess of forty (40) hours per workweek.

32.   Plaintiff and the Collective Action Members worked without receiving full compensation for hours worked and without receiving overtime compensation for hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

5

33.     Pursuant to Defendant's policy, practice, or a pattern of behavior, Defendants did not pay Plaintiff and the Collective Action Members proper wages and/or overtime wages.

34.     Pursuant to Defendant's policy, practice, and/or pattern of behavior, Defendant did not pay Plaintiff, and the Collective Action Members proper wages for all hours worked for Defendant's benefit, nor for hours worked for Defendant's benefit in excess of forty (40) hours in a workweek.

## **FACTUAL ALLEGATIONS**

35.     Defendant employs and/or employed Plaintiff and the Collective Action Members as AMs.

36.     Defendant maintained control, oversight, and discretion over the operation of their stores, including their employment practices with respect to Plaintiff and the Collective Action Members.

37.     Plaintiff and the Collective Action Members performed work as AMs that was integrated into the normal course of Defendant's business.

38.     Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the Collective Action Members regularly worked regular and overtime hours including hours that were not reflected in their wage statements in violation of the FLSA.

39.     Defendant has a policy and practice of having Plaintiff and Collective Action Members at its stores in Texas, New Mexico, and Louisiana check the gasoline prices of competitors' gas stations in each particular store's area (referred to herein as the "gasoline price survey") each day.  The prices are then entered into the Stripes computer system at the store by

the employee who obtained the prices.  The prices are transmitted to the Defendant's corporate office(s), which then determines whether to adjust the gas prices each day at each store.

40.     Each Stripes store obtains the price of competitors' gasoline by requiring non-exempt employees to go to competitors' gasoline stations and record gasoline prices prior to clocking-in for their scheduled shift.

41.     The gasoline stations surveyed by Defendant's employees are selected and assigned by Defendant.

42.     At the Defendant's direction, Defendant's employees must record gas prices for each gas station they are assigned to survey prior to reporting or clocking in for work.

43.     Defendant directs their employees to perform this work before they clock-in at their store for their scheduled shift.

44.     Defendant requires gasoline price surveys to be conducted daily first thing in the morning.  Accordingly, a non-exempt employee performs this gasoline price survey in the morning before or after his or her assigned shift.

45.     Defendant did not record the time Plaintiff and Collective Action Members worked conducting gasoline price surveys after they clocked-in. By not following this procedure, Defendant did not compensate their employees for gasoline price survey work.  The gasoline price survey, which is corporately mandated, is important for Defendant to be competitive and is used to determine the price it charges for gasoline at each of its stores.

46.     Defendant has not reimbursed their employees for gasoline expenses incurred in the use of their personal vehicles when they engage in gasoline price survey work on behalf of Stripes.

7

47.     Plaintiff began employment for Defendant at the Stanton, Texas store, Stripes store No. 209 on or about December 2012, and shortly thereafter was promoted to the AM position and also worked at Stripes store no. 1032 located at 19204 Fm 529 Rd Langham Creek, Harris, Texas.

48.     Plaintiff was instructed to survey gas prices before his shift started, requiring Plaintiff to drive in his own car to area gas stations and record their gas prices.

49.     The AM position is a non-exempt position within the meaning of the FLSA.

50.     All AMs are or should be compensated on an hourly basis for each hour they work for Defendant.

51.     AMs are not compensated on a salary basis; rather, AMs are paid an hourly rate and the AM position is non-exempt within the meaning of the FLSA.

52.     Plaintiff performed gasoline price survey work for Defendant every day or nearly every day and has not been compensated for this work.

53.     Plaintiff has never been reimbursed for gasoline expenses or mileage incurred when using his personal vehicle to conduct gasoline price surveys.

54.     In most weeks that Plaintiff worked at the N. Lamesa Hwy, Stanton, Texas Stripes Store and, Stripes store #1032, located at 19204 Fm 529 Rd Langham Creek Harris, Texas Plaintiff worked 40 or more hours while clocked-in.

55.     Accordingly, in those weeks, all work time spent by Plaintiff conducting gasoline price surveys constitutes overtime work that Stripes was required to compensate Plaintiff at one-and-one-half times Plaintiff's regular hourly rate for.

56.     At all relevant times, Plaintiff's regular hourly rate was approximately $14.00.

57.    Plaintiff regularly works five days a week and more than 40 hours per week at the N. Lamesa Hwy, Stanton, Texas 79720 and, Stripes store #1032, located at 19204 Fm 529 Rd Langham Creek Harris, Texas.

58.    The gasoline price survey work took Plaintiff approximately 20 minutes a day on average to perform.  Plaintiff performed this work five days per week before Plaintiff clocked-in for his shift. Accordingly, Plaintiff and FLSA Collective Members are each due additional pay of approximately100 minutes, or one hour and 40 minutes, per week, and to the extent that work constitutes work in excess of 40 hours in a workweek, that additional work must be compensated at one-and-one-half times the regular hourly rate.

59.    Stripes failed to pay Plaintiff overtime pay for time worked conducting gasoline price surveys from the first weekly pay period he worked at the Pueblo store to the last date of his employment.

60.    In the identified pay periods above, Plaintiff customarily worked at least 40 hours without including the additional uncompensated weekly overtime hours of one hour and 40 minutes.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

61.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Stripes as AMs and individuals holding comparable positions with different titles employed by Defendants within the United States at any time three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

62.     Stripes is liable under the FLSA for, *inter alia*, failing to pay proper wages and overtime wages to Plaintiff and other similarly situated employees.

63.     Upon information and belief, there are many similarly situated current and former AMs who have not been paid proper wages or overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

64.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT:
## UNPAID WAGES AND UNPAID OVERTIME WAGES
## (Brought on Behalf of Plaintiff and All Collective Action Members)

65.     Plaintiff on behalf of himself and all Collective Action Members, hereby realleges and incorporates by reference paragraphs 1 through 67 as if set forth again herein.

66.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, including but not limited to 29 U.S.C. §§ 206(a) and 207(a).

67.     At all relevant times, Defendant employed Plaintiff, and employs or continues to employ, each of the Collective Action Members within the meaning of the FLSA, including but not limited to 29 U.S.C. 203(e) and 207(a).

68.     Defendant has engaged in a widespread pattern and practice of violating the provisions and requirements of the FLSA, as described throughout this Complaint.

69.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

10

70.     At all times relevant, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71.     At all relevant times, Defendant employed Plaintiff, and employs or continues to employ the Collective Action Members, within the meaning of the FLSA.

72.     The wage and the overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.*, 206 and 207, apply to Defendant.

73.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay all wages due and all overtime wages due as compensation to their AMs and similarly situated employees in comparable positions but holding different titles, for all hours worked, including hours worked in excess of forty (40) per workweek.

74.     As a result of Defendant's willful failure to properly compensate Plaintiff and Collective Action Members for all hours worked in a workweek at the usual hourly rate and failure to properly compensate Plaintiff and Collective Action Members for all hours worked in a workweek at their hourly rate or for hours worked in excess of forty in a work week, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, and 206 *et seq.,* including, 29 U.S.C. §§ 206 and 207.

75.     As a result of Defendant's willful failure to record all hours worked by Plaintiff and Collective Action Members and to properly compensate its employees, including Plaintiff and the Collective Action Members, Defendant failed to make, keep, and/or preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices

11

of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

76.     Defendant's practice of having the AMs get gas prices for the gasoline price survey was done off the clock and Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were working off the clock.

77.     Due to Defendant's (a) gasoline price survey, (c) actual knowledge, through its Store Managers that AMs were working off the clock, (d) policy and practice that did not record all hours worked of Plaintiff and Collective Action Members, (e) requirement that gasoline price surveys occur when employees were not clocked in and (f) failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

78.     Defendant's violations of the FLSA, as described in this Complaint, have been intentional and willful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

79.      Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.     As a result of Defendant's FLSA violations, Plaintiff and the Collective Action Members, are entitled to (a) recover from Defendant their unpaid wages for all of the hours worked, including regular wages  as well as overtime compensation due for hours that were worked over forty (40)  per week; (b) recover an additional, equal amount as liquidated damages for Defendant's intentional and willful violations of the FLSA; and, (c) recover their prejudgment interest,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a.      Designation of this action as an FLSA Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      Equitable tolling of the FLSA statute of limitations as a result of the Defendant's failing to post requisite notices under the FLSA;

c.      A declaratory judgment that the Defendant's practices complained of are unlawful under the FLSA;

d.      Approval of Plaintiff Sanchez as representative of the Collective for which certification is sought and his counsel as attorneys for the Collective Action Members;

e.      An award of unpaid wages for all hours worked at a regular rate of pay and for overtime pay for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA.

f.      An award of liquidated, punitive, and/or civil penalties as a result of Defendant's intentional and willful failure to pay Plaintiff and the Collective for all hours worked at a regular rate of pay, including for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. §§ 216(b), (e)(2);

13

g.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.      An injunction against Defendant to cease their unlawful practices;

i.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

j.      An award of prejudgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys', expert fees and an award of a service payment to the Plaintiff; and

l.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 26, 2019

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Tel: (713) 222-6775
Fax : (713) 222-6739

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Tel: (212)545-1199
Fax: (212)532-3801

*Pro hac vice application forthcoming

**Attorneys for Plaintiff and
the Putative Collective**

15